STEPHEN STARK & *al. versus* THOMAS SMILEY.

It is a well established rule of construction of wills, that no form of words will constitute a condition precedent, when the intentions of the testator, to be collected from every part of the will, clearly indicate a different purpose.

Where it was the intention of the testator, that the devisee should, immediately upon his decease, enter upon the enjoyment of the estate devised to him; where some of the provisions in the will, made for the support of other persons, were to be derived in part from the estate and furnished by the devisee; where the performance of some of them were of a contingent character, and it was uncertain whether they would ever be required; and where the performance of the conditions enjoined by the will would have been impossible without the enjoyment of the estate; *it was held,* that the duties to be performed by the devisee were not conditions precedent to the vesting of the estate; although the will concluded by saying, that "therefore, as soon as the devisee shall have paid all the lawful demands against my estate and the aforementioned sums to my children, and otherwise have fulfilled this my last will and testament, he shall by this instrument be entitled to said real estate, to have and to hold the same to him and to his heirs and assigns for their use and benefit forever."

WRIT OF ENTRY. The demandants, at the trial before WHITMAN C. J. introduced a deed from I. Redington, assignee in bankruptcy of the tenant, to them, dated August 15, 1843, of all the right, title and interest of the tenant in and unto the demanded premises "by virtue of the last will and testament of Thomas Smiley, father of the said Thomas Smiley, the bankrupt;" also the proceedings in bankruptcy, authorizing the sale by the assignee; and also a copy of the last will and testament of Thomas Smiley, father of the bankrupt, duly proved and allowed in August, 1816, of which the following is a copy: —

"Know all men by these presents, that I, Thomas Smiley, of Winslow, in the County of Kennebec, Gentleman, do by this my last will and testament grant, sell and convey to Thomas Smiley, Jr. all my real estate consisting of land in Winslow and Clinton, in the County of Kennebec, likewise the saw mill in said Winslow, and the privileges thereunto belonging upon conditions, reserving as follows: —

"*First.* — The southeast room and chamber, the north bed-

room in the chamber, and one half of the privileges to the kitchen, said rooms to be finished at the expense of the said Thomas, Jr., as soon as is convenient, and shall be the residence of Ruth W. Smiley, my wife, as long as she shall live or wish to make the same her home, provided, however, she shall not be entitled to receive any family into the above mentioned rooms to live with her, and shall also have necessary room in the cellar.

" *Second.* — And that Ruth W. Smiley, my wife, as aforesaid, shall the remainder of her life be maintained without hard labor, she shall therefore be entitled as follows ; — 1st. To fifteen bushels of bread kind ready ground ; — 2d. To have two cows kept summer and winter ; — 3d. To have one hundred pounds beef and one hundred pounds pork ; — 4th. To have three pounds tea and three pounds of coffee of a good quality ; — 5th. To have twelve pounds sugar and four gallons molasses ; — 6th. To have a sufficient quantity of garden sauce ; — 7th. To have one fifth part of the apples growing on the trees now bearing ; — 8th. To be at all times provided with water and suitable wood in such quantity as shall be necessary, all of which shall be provided yearly and at such times as shall be necessary and shall be entitled to a horse to ride as much as is convenient. As a person in the decline of life is subject to sickness, it is my earnest desire, that she at all times should be provided with all the necessaries of life, and that her declining years be made as comfortable as possible. — And to you, Thomas, should you live to undertake the important duty of taking care of your aged mother, I trust you will, with divine assistance, gratify the wishes of a kind father, that after his body is consigned to the silent tomb, and could the part that never dies look down upon you it might see you following the example of the just, and with the fortitude of the good man behold you leading those with whom you have to do a most happy and agreeable life. And further, to your mother, it is my will, that she have the disposal of the sum of two hundred dollars that was left her of her father's estate, to be paid you out of my estate.

And to Joel C. Smiley, as he has two years of his time, one horse worth fifty dollars, and at sundry times I have paid about one hundred and seventy-eight dollars for him, and settled an action commenced against him by Polly Young, worth fifty dollars ; it is my will, therefore, that he have the sum of five dollars, to be paid him in one year after my decease. And to Hannah S. Libby, the sum of seventy-five dollars to be paid in the following manner, twenty-five dollars in one year after my decease, twenty-five dollars after her mother's decease and twenty-five dollars in one year after the decease of William Richardson and wife ; and to Ebenezer Woodsum, twenty-five dollars in one year after my decease ; and to Betsey H. Shorey the sum of sixty dollars, thirty dollars in one year and thirty dollars in two years after my decease ; and to Samuel P. Smiley, the horse which he now has, worth sixty-five dollars, the remainder of his time till twenty-one, and twenty-five dollars in one year after my decease ; and to Park Smiley, the remainder of his time till twenty-one years and five dollars in one year after my decease ; and as there is the sum of about four hundred dollars of debts to be paid out of my estate, it is therefore my will, that the time of one year be allowed (unless they be discharged before my decease) for them to be paid in before any of the above mentioned sums shall be paid to my several children.   And to Sally Smiley, four sheep and to have them kept summer and winter, and after her mother's decease, should she live unmarried, also one cow kept summer and winter, and shall have a right to dispose of the calves and lambs; likewise the use of the southeast chamber and north bed room in the chamber, and privilege of baking, washing and cooking in the kitchen, should she wish, proper cellar room, all which she shall retain while unmarried and no longer, but should she ever be married she shall receive the sum of thirty dollars; and to Sidney and Seneca Smiley it is my will and I do therefore by this instrument give, grant unto them their heirs all my real estate in the town of Sidney and County of Kennebec, consisting of about fifty acres of land and known by the

south half of the McNeil lot, and bought by me of David Smiley, to have and to hold said land by them their heirs forever, for their use and benefit, and further, should any unavoidable accident happen to any of my children, so that they should be unable by labor or otherwise to support themselves, it is my will that they receive support from my estate while unmarried, and no longer, but shall have a right to a home should they wish or at any time be unwell, so as to need assistance while unmarried, by making reasonable compensation, is their condition such that they can, therefore as soon as Thomas Smiley, Jr. shall have paid all the lawful demands against my estate, and the aforementioned sums, to my children and Eben'r Woodsum, or to their and his heirs, and otherwise fulfilled this my last will and testament, he shall by this instrument be entitled to all my real estate and the privileges thereunto belonging, in the towns of Winslow and Clinton, in the County of Kennebec, and the saw mill in the town of Winslow, to have and to hold the aforementioned real estate to him and his heirs for their use and benefit forever; and I now profess to be in possession of all my mental faculties. I do hereby appoint Thomas Smiley, Jr. of Winslow, in the County of Kennebec, to be executor of this my last will and testament."

The parties agreed, that the following statement of *William Stratton* should be admitted as evidence.

Thomas Smiley, the tenant, went into the possession of the premises upon the decease of his father, and has continued in the occupancy and improvement thereof, treating the same as his own; that he has cultivated the farm and carried on the saw mill; that the saw mill was burned down, and he rebuilt it; that the witness knew, that for several years after the decease of his father the tenant's mother lived with him in the house on the farm, but that he was not able to testify whether or not, more recently, she had or had not lived with him.

It was admitted by the parties, that the mother of the tenant died at the house of Samuel Smiley, on June 20, 1843.

It was agreed that the full Court, upon consideration, might enter such judgment, or order such proceedings in the prem-

Stark *v.* Smiley.

ises, as they shall determine to be proper, they being authorized to draw such inferences from the testimony as a jury might draw.

*Bradbury,* for the demandants, contended that the conditions were a mere charge upon the estate, and not conditions precedent to its vesting in Thomas Smiley, the devisee and bankrupt. The devised estate, therefore, passed to the assignee, and was by him conveyed to the demandants.

Whether acts to be performed by the devisee are conditions preceding or subsequent to the vesting of the estate in him, does not depend upon the particular location of the words, or upon any particular expressions taken separately, but upon the intention of the parties, to be ascertained by examination of all the provisions in the whole instrument. The intention should be carried into effect, although it should require some departure from the language of some particular clause. The acts to be performed are to be considered as conditions subsequent, unless such performance necessarily must precede the enjoyment of the estate. 4 Kent, 125 ; 2 Black. Com. 154 ; Co. Lit. 218 ; 1 Salk. 170 ; 1 Hill. Abr. 247, 248 ; *Howard* v. *Turner,* 6 Greenl. 106 ; *Currier* v. *Earl,* 1 Shepley, 216 ; *Morton* v. *Barrett,* 9 Shepley, 257 ; *Sayward* v. *Sayward,* 7 Greenl. 210 ; 5 Pick. 524 ; 3 Peters, 374 ; 1 Bac. Abr. 642 ; 7 Mass. R. 229 ; Stearns on Real Actions, 22, 23, 73 ; 6 Maine R. 42.

The various provisions of the will were then examined, and the conclusion drawn therefrom, that it must necessarily have been the intention of the testator, that the tenant should immediately, upon proof of the will, enter into the occupation of the estate, and should forthwith proceed to the performance of many of the onerous conditions, while others were not expected, and indeed could not be performed for many years afterwards. Many of them were of such a character, that the possession and enjoyment of the estate were necessary to the performance thereof.

*N. Weston* argued for the tenant — and remarked in his argument, that the title of the demandants depended upon the

question, whether the tenant, at the time when he was decreed to be a bankrupt, had any interest in the estate demanded under the will of his father. And this depends upon the question, whether that estate was devised to him subject to conditions precedent, or subsequent.

The construction to be given to the will is not affected by subsequent events, but depends upon the state of facts as they existed the day after the probate thereof. The condition in relation to the widow of the testator, had not been performed at the time of the bankruptcy, for she was then alive; and one of the legacies was not to be paid until her decease. If these were conditions precedent, the estate had not vested in Thomas Smiley, the tenant. After referring to the various provisions of the will, it was said, that the estate was charged with many of these provisions; and that it was the duty of the tenant, as executor of the will, independent of any interest he had as devisee, to enter into the possession and occupancy of the estate in that capacity.

It was for the testator to determine what he would require before the estate should vest in the devisee, and the time when he should be entitled to it. The lawful intention of the testator is the law of a will. What he makes precedent, cannot be construed to be subsequent. The devisee is to have the estate when he has fulfilled the terms of the will, and by necessary implication, then only.

Whether a condition should be regarded as precedent, or subsequent, depends not upon the technical language of a deed or instrument, but upon the nature of the subject matter or transaction, and the intent thence deducible. *Acherly* v. *Vernon,* Willes, 153; *Hotham* v. *East India Co.* 1 T. R. 645.

And if this is true as to other instruments, it is emphatically so with regard to a last will and testament. Cruise's Dig. Title 38, c. 16, § 1.

The intention expressed in the will must be considered as the true meaning of the testator, however absurd or improper the conduct might be, in requiring it. *Bertie* v. *Falkland,* 2 Vern. 332.

He contended, however, that in this case, not only that it was the clear intention, that the estate should not vest in the tenant, as devisee, until all the conditions had been performed, but that in making them conditions precedent, he had acted wisely in carrying into effect his intention of providing for the family. He intended to have the homestead remain in the hands of his executor as a family residence, not liable to be taken from him until he had fulfilled all the trusts to his mother and other members of the family.

The opinion of the Court was drawn up by

SHEPLEY J.—The premises demanded formerly comprised a part of the real estate of the father of the tenant, and were by his will, executed in the year 1816, devised to the tenant, who has occupied the same since the decease of his father during that year. Upon his own application the tenant was decreed to be a bankrupt, on December 13, 1842. His assignee, on August 15, 1843, sold at auction all his right, title and interest in the premises derived from the will of his father; and conveyed the same to the demandants, who were the purchasers.

In defence it is contended, that the tenant did not acquire any interest in the premises by virtue of the devise, that having been made upon condition precedent, and not performed.

By the first clause in his will the testator devised the estates demanded to the tenant " upon conditions, reserving as follows." He proceeded subsequently to make provision for the support of his widow, and for some of his children while unmarried, and for the payment of his debts; and gave legacies or made devises to his other children, and to one other person named. And concluded by saying, " therefore as soon as Thomas Smiley, Jr. shall have paid all the lawful demands against my estate and the aforementioned sums to my children and Ebenezer Woodsum, or to their and his heirs, and otherwise fulfilled this my last will and testament, he shall, by this instrument, be entitled to all my real estate and the privileges thereto belonging, in the towns of Winslow and Clinton in the

County of Kennebec, and the saw mill in the town of Wins-low, to have and to hold the aforementioned real estate to him and his heirs for their use and benefit forever."

Whatever may be the literal import of this language, it is a well established rule of construction, that no form of words will constitute a condition precedent, when the intentions of the testator, to be collected from every part of the will, clear-ly indicate a different purpose. This rule should be allowed full operation, in cases like the present, in which it is apparent, that the will was written by some person not learned in the law, and not accustomed to the use of language to distinguish between conditions precedent and subsequent.

There can be no doubt, that it was the intention of the tes-tator, that the devisee should, immediately upon his decease, enter upon the enjoyment of the estate. Nor any doubt that some of the duties to be performed as a condition of that en-joyment, were not expected to be performed until very many years afterward. This is shown by the very particular pro-vision made for the support of his widow, to be derived in part from the estate, and furnished by the devisee. From the pro-vision made for a daughter, while she remained unmarried, to be derived from the same source, and furnished by the same person. From the provision made for the support of any of his children in the same manner, while they continued un-married, if they should, by any unavoidable accident, be unable to support themselves. Some of these duties were of such a contingent character, that it was uncertain whether perform-ance would ever be required. To perform all the duties en-joined by the will, as a condition precedent, would have been impossible.

To obviate this difficulty the counsel for the tenant contends, that he held the estate and received the income "as executor charged with the trusts." It was not however upon the ex-ecutor as such, that performance was imposed, but upon the devisee of the estate, from which the means of performance were to be derived. If the devisee had refused the trust of executor, or for good cause had been deprived of it, the obliga-

tion to perform, would not have been less imperative upon him.

The tenant being entitled to the estate upon performance as a condition subsequent, and having, so far as appears, performed the conditions for more than twenty-five years, must be considered as having acquired the title against all persons, who have not a right to enforce the performance of some duty imposed upon the devisee with a charge upon the estate.

<div align="center">

*Tenant defaulted, and*

*judgment for demandants.*